UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| HERBERT M. ADAMS, IV, )<br>)<br>   Plaintiff )<br>v. )<br>)<br>AROOSTOOK COUNTY SHERIFF'S )<br>DEPARTMENT, et al., )<br>)<br>   Defendants ) | 1:22-cv-00069-GZS |

**RECOMMENDED DECISION TO DISMISS
BASED ON PLAINTIFF'S FAILURE TO PROSECUTE**

On March 14, 2022, Plaintiff filed a complaint and he subsequently filed an Application to Proceed Without Prepayment of Fees or Costs. (Complaint, ECF No. 1, Motion, ECF No. 6.) The Court granted the motion on March 24, 2022. (Order, ECF No. 7.) In its order, the Court directed Plaintiff to notify the Court no later than April 14, 2022, of his intent to proceed with this action and to acknowledge in his notice that he understands his obligation to pay the complete filing fee as the requisite funds become available to him. Through the order, the Court informed Plaintiff that a failure to comply with the order could result in a recommendation to dismiss the complaint.

Because Plaintiff failed to file a notice of intent, on April 22, 2022, the Court issued an Order to Show Cause. (Order, ECF No. 8.) In the Show Cause Order, the Court established May 6, 2022, as the date by which Plaintiff was to show cause in writing as to why he failed to comply with the Court's order requiring that he notify the Court of his intent to proceed with this action. The Court advised Plaintiff that if he failed to show cause, his complaint could be dismissed. Plaintiff has not filed a response to the Show Cause Order and has not otherwise communicated with the Court. Given Plaintiff's failure to show cause, I recommend the Court

dismiss the matter without prejudice.

## DISCUSSION

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Fed. R. Civ. P. 41(b)." *Cintron-Lorenzo v. Dep't de Asumtos del Consumidor*, 312 F.3d 522, 526 (1st Cir. 2002) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 – 31 (1962)). Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action for a party's failure to prosecute and failure to comply with the Court's orders. Here, Plaintiff has (a) failed to comply with the Court's March 24, 2022, Order that required Plaintiff to notify the Court of Plaintiff's intent to proceed, and (b) failed to show cause in accordance with the Court's Order to Show Cause. Plaintiff thus has not only failed to comply with two of the Court's orders, but insofar as he has not notified the Court of his intent to proceed, Plaintiff has also failed to prosecute his claim. Dismissal, therefore, is warranted.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court dismiss Plaintiff's complaint without prejudice.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 18th day of May, 2022.