UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| HERBERT M. ADAMS IV, | ) |
| Plaintiff | ) ) ) |
| v. | )  1:22-cv-00069-GZS ) |
| AROOSTOOK COUNTY SHERIFF'S DEPARTMENT, et al., | ) ) ) |
| Defendants | ) |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff, an inmate at the Washington County Jail, seeks to recover damages allegedly resulting from his treatment while detained in Aroostook County Jail. (Complaint, ECF No. 1.) Defendants consist of Aroostook County Sheriff's Department and various medical providers.[1] Plaintiff filed an application to proceed without prepayment of fees and costs (ECF No. 4), which application the Court granted. (ECF No. 7.)

In accordance with the statute governing matters proceeding without prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or

---

[1] Plaintiff also appears to name the "Aroostook County Correctional Facility" and "Houlton Correctional Facility" as defendants. There is no "Houlton Correctional Facility" in Aroostook, Maine; the Aroostook County Jail, however, is located in Houlton, Maine. *See* https://aroostook.me.us/corrections-division.html. Although the jail is not a proper party to this action, the Court can reasonably construe Plaintiff's allegations as attempting to assert a claim against Aroostook County. *See Collins v. Kennebec County Jail*, 2012 WL 4326191, at *3 (D. Me. May 31, 2012) ("The Kennebec County Jail is not a governmental entity or a proper party defendant to this lawsuit. It is a building.").

… as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Following a review of Plaintiff's allegations, I recommend the Court dismiss the complaint.

## STANDARD OF REVIEW

The statute governing matters proceeding without prepayment of fees, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The relevant question . . . in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed in toto to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez*, 711 F.3d 49, 55 (1st Cir. 2013) (quoting T*wombly*, 550 U.S. at 569 n. 14).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard." *Young v. Wells Fargo, N.A.,* 717 F.3d 224, 231 (1st Cir. 2013); s*ee also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

## FACTUAL BACKGROUND

Plaintiff alleges Defendants neglected his medical and mental health issues, negligently treated, or failed to treat him for issues with his back, knees, neck, and migraine headaches. (Complaint ¶ IV; *see also* Attachments to Complaint, PageID ##: 7-8, ECF No. 1-1.)

**DISCUSSION**

Plaintiff's complaint consists of conclusory statements unsupported by any facts. "Though … pro se complaints are to be read generously, allegations … must nevertheless be supported by material facts, not merely conclusory statements." *Slotnick v. Garfinkle*, 632 F.2d 163, 165 (1st Cir. 1980) (citation omitted). Additionally, the pleading rules "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* Plaintiff's conclusory allegations are insufficient to support an actionable claim.

In addition, even if Plaintiff had alleged facts to support a negligence claim, Plaintiff's allegations regarding his medical care would not support a federal claim. Whether Plaintiff is a pretrial detainee or serving a sentence, Defendants are obligated to provide Plaintiff with adequate medical care. *Sacco v. American Institutional Medical Group*, No. 1:20-cv-447-JL, 2022 WL 2194589, at *7 (D.N.H. June 17, 2022). The Eighth Amendment, which prohibits cruel and usual punishments, governs prisoners' medical needs after conviction, and the Due Process Clause of the Fourteenth Amendment imposes similar obligations while prisoners are in pre-trial custody. *See City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 243 (1983). Defendants have the "substantive obligation" not to treat prisoners in their care in a manner that reflects "deliberate indifference" toward "a substantial risk of serious harm to health," *Coscia v. Town of Pembroke*, 659 F.3d 37, 39 (1st Cir. 2011), or "serious medical needs," *Feeney v. Corr.*

*Med. Servs.*, 464 F.3d 158, 161 (1st Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 105 –106 (1976)).

To establish constitutional liability, Plaintiff must demonstrate both that he was "incarcerated under conditions posing a substantial risk of serious harm," and that Defendants "acted, or failed to act, with 'deliberate indifference to inmate health or safety.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834). In other words, Plaintiff must satisfy both an objective standard (substantial risk of serious harm) and a subjective standard (deliberate indifference) to prove a constitutional claim of deliberate indifference. *Kosilek v. Spencer*, 774 F.3d 63, 82 (1st Cir. 2014) (en banc).

The objective standard evaluates the seriousness of the risk of harm to health. There must be "a sufficiently substantial 'risk of serious damage to [the inmate's] future health.'" *Farmer*, 511 U.S. at 843 (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). A medical need is "serious" if it has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would recognize a need for medical intervention. *Leavitt*, 645 F.3d at 497; *Gaudreault v. Mun. of Salem*, 923 F.2d 203, 208 (1st Cir. 1990), *cert. denied*, 500 U.S. 956 (1991)). The subjective standard concerns the culpability of the defendant. A plaintiff must present evidence that the defendant possessed a culpable state of mind amounting to "deliberate indifference to an inmate's health or safety." *Farmer*, 511 U.S. at 834 (internal quotation marks omitted). Deliberate indifference is akin to criminal recklessness, "requiring actual knowledge of impending harm, easily preventable." *Feeney*, 464 F.3d at 162 (quoting *Watson v. Caton*, 984 F.2d 537, 540 (1st

Cir. 1993)). The focus of the deliberate indifference analysis "is on what the jailers knew and what they did in response." *Burrell v. Hampshire Cnty.*, 307 F.3d 1, 8 (1st Cir. 2002).

"Deliberate indifference is plainly not negligence." *Sacco*, 2022 WL 2194589, at *1. Accordingly, even if the Court were to conclude Plaintiff has asserted sufficient facts to support a negligence claim, Plaintiff has not alleged enough facts to support a deliberate indifference claim. Plaintiff, therefore, has not alleged a claim within this Court's jurisdiction.

## CONCLUSION

Based on the foregoing analysis, after a review in accordance with 28 U.S.C. §§ 1915 and 1915A, I recommend the Court dismiss the complaint.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 20th day of July, 2022.